In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1258

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ERWIN ACOX,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 145—**Virginia M. Kendall**, *Judge*.

ARGUED JANUARY 21, 2010—DECIDED FEBRUARY 9, 2010

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Convicted of bank robbery
and sentenced to 65 months' imprisonment, Edwin Acox
presents a single appellate argument: that two em-
ployees of the bank should not have been allowed to
identify him, because they saw a photo array that "was
so impermissibly suggestive as to give rise to a very
substantial likelihood of irreparable misidentification*."*
*Simmons v. United States*, 390 U.S. 377, 384 (1968).

Acox's lawyer did not ask the district judge to suppress the out-of-court identifications (the witness' selections from the photos). His appellate lawyer says that the district judge committed plain error in allowing the witnesses to testify in court that they had selected his picture.

Plain error is the standard for appellate review of issues that have been forfeited; arguments that have been waived are not reviewable on the plain-error or any other standard. See *United States v. Olano*, 507 U.S. 725, 732–34 (1993). And Fed. R. Crim. P. 12(e) provides: "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Rule 12(b)(3), titled "Motions That Must Be Made Before Trial", includes a "motion to suppress evidence". Fed. R. Crim. P. 12(b)(3)(C).

It often takes evidence from psychology and statistics to decide whether a photo spread or lineup is "unduly suggestive" and, if so, whether the suggestiveness is "irreparable." See *United States v. Williams*, 522 F.3d 809 (7th Cir. 2008). Lawyers' assertions that the effects of a photo spread are "clear" or "obvious" are no substitute for evidence. A mid-trial motion to suppress may require a delay of days or weeks while evidence is marshaled and presented. Requiring all suppression motions to be made in advance allows the trial itself to be conducted without interruption and serves a second function as well: it ensures that, if the judge excludes evidence, the prosecutor can obtain appellate resolu-

tion free from any problem under the fifth amendment's double jeopardy clause. See 18 U.S.C. §3731 ¶2. Acox did not file a pretrial motion to suppress the results of the photo spreads and so has waived, and not just forfeited, his objection to use of this evidence.

Now it is true that Rule 12(e) uses "waiver" in an unusual way. Normally waiver in criminal procedure means an intentional relinquishment of a known right. See *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Absence of a pretrial motion may reflect only a lawyer's failure to appreciate the motion's benefit. See *United States v. Johnson*, 415 F.3d 728 (7th Cir. 2005). But to say that Rule 12(e) applies the word "waiver" to a circumstance that otherwise would be called a "forfeiture" is not to say that plain-error review proceeds just as if it *were* a forfeiture. For the plain-error doctrine comes from Fed. R. Crim. P. 52(b), part of the same set of rules that includes Rule 12(e). It would be inappropriate to use Rule 52(b) to undercut an express provision of Rule 12(e), which contains its own safety valve: "For good cause, the court may grant relief from the waiver." Before a court of appeals can reach the plain-error question, a defendant must first establish good cause for the absence of a pretrial motion. *Johnson*, 415 F.3d at 730–31. And the reference in Rule 12(e) to "the court" must be to the *district* court, not the court of appeals, for Rule 12 as a whole governs pretrial proceedings in federal district courts. But Acox did not ask the district court to grant relief for good cause.

Lawyers sometimes attempt to get around Rule 12(e) by asking the court of appeals to find "good cause" on its

own. That's not a sound procedure, for two reasons. First, the existence of good cause may depend on facts that are not in the record, such as why counsel failed to make a pretrial motion. A court of appeals is limited to the record built in the district court, so arguments that depend on extra-record information have no prospect of success. Second, even when the record contains the essential information, whether the circumstances add up to "good cause" is a question committed to the district court's discretion. Appellate review of "good cause" decisions is deferential, see *Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and Rule 12(e) is no exception. See *Davis v. United States*, 411 U.S. 233, 243–45 (1973) (Fed. R. Crim. P. 12(b)(2), the subject of *Davis*, became Rule 12(f) and is now Rule 12(e)); *United States v. Hamm*, 786 F.2d 804, 806 (7th Cir. 1986).

A defendant can't convert deferential appellate review into a *de novo* appellate decision by the expedient of failing to present his arguments to the district court at all; that omission should make appellate review harder, not more readily available. A handful of opinions in this circuit make what appear to be *de novo* appellate decisions on the good-cause question. See *United States v. Bright*, 578 F.3d 547, 550–51 (7th Cir. 2009); *United States v. Garcia*, 528 F.3d 481, 484–85 (7th Cir. 2008). But the briefs in those cases did not join issue on the standard of appellate review, and the opinions do not discuss this subject (or the Supreme Court's statement in *Davis* that the appellate role is deferential), so they do not establish holdings. Cf. *United States v. Brodie*, 507

F.3d 527, 530–31 (7th Cir. 2007) (flagging the standard of appellate review for the attention that it needed but did not receive from the parties in *Bright* and *Garcia*).

A conclusion that the good-cause decision is committed to the district court rather than the court of appeals need not preclude all possibility of relief when trial counsel never tries to show good cause. A court of appeals still may inquire whether, if a motion for relief had been made and denied, the district court would have abused its discretion in concluding that the defense lacked good cause. Acox's appellate lawyer made an argument along those lines (though not in that precise language) by contending that Acox's trial lawyer furnished ineffective assistance by failing to make a pretrial motion to suppress the identifications. But appellate counsel withdrew this contention via the reply brief, and for good reason.

Because the record does not show why counsel did not make a pretrial motion to suppress, it would be impossible to evaluate the deficient-performance part of the formula in *Strickland v. Washington*, 466 U.S. 668 (1984). And because the record likewise does not reveal whether any misidentification was "irreparable" (in the sense that other evidence and cross-examination could not have revealed the problem and permitted jurors to decide whether to accept the testimony), it is not possible to apply *Strickland*'s prejudice component. An ineffective-assistance argument on an empty record is doomed. Entertaining and rejecting an ineffective-assistance argument would make it impossible to present the

contention later under 28 U.S.C. §2255. See *Peoples v. United States*, 403 F.3d 844 (7th Cir. 2005). Recognizing the advantages of the §2255 procedure, counsel withdrew the argument to preserve the option of collateral review.

Counsel does not contend that problems in the photo array *themselves* amount to "good cause." That would conflate procedural requirements with the merits. Appellate counsel says that the deficiencies in the photo array are evident on cursory inspection. But if that is so (and we do not express an opinion on the subject), it shows the *absence* of "good cause"; counsel had no plausible reason to reserve the objection for trial.

But this leaves no argument for good cause, let alone an argument that the district court would have abused its discretion by finding the absence of good cause had a motion to set aside the waiver been made. So, in addition to withdrawing the ineffective-assistance argument, Acox's reply brief contends that in-court testimony may be reviewed despite Rule 12(e). Acox's lawyer objected to the prosecutor's questions asking the witnesses who they had identified in the photo spreads. Although trial counsel did not try to demonstrate "irreparable misidentification" he came close enough, his appellate lawyer contends, that plain-error review should be available.

This line of argument rests on a belief that an objection to testimony on the witness stand is not a "motion to suppress evidence" within the scope of Rule 12(b)(3)(C). Acox does not offer a definition of that critical term,

however, or cite any decision that defines it in a way helpful to his position. (He does cite several decisions that ignore the subject and engage in plain-error review, likely because the prosecutor did not bring Rule 12(b)(3)(C) and (e) to the court's attention, but assumptions attributable to oversight differ from holdings.) The term "motion to suppress" covers efforts to invoke the exclusionary rule, or the *Miranda* doctrine, or the many other constitutional and statutory rules that keep probative evidence out of the trial record. A defendant who does not file a pretrial motion to suppress evidence under the fourth amendment's exclusionary rule could not later make a mid-trial motion to exclude testimony about the seized evidence, on the ground that a "motion to suppress" refers only to the physical evidence and not to testimony about that evidence. The exclusionary rule covers "fruit of the poisonous tree" (see *Wong Sun v. United States*, 371 U.S. 471 (1963)) and so deals with testimony about, or derived from, unlawfully seized evidence. And if a motion to exclude the fruits of an unlawful seizure (including trial testimony derived from the seized evidence) is a "motion to suppress" under Rule 12(b)(3)(C), it is hard to see why a motion to exclude the fruit of an invalid photo spread or lineup is not equally a "motion to suppress". See *United States v. Obiukwu*, 17 F.3d 816, 820 (6th Cir. 1994) (holding that Rule 12(b)(3)(C) and (e) applies to identification testimony in court).

Although the Rules of Criminal Procedure do not define "motion to suppress", the phrase may be given meaning by thinking about what it is not: a motion

under a Rule of Evidence. An objection based on those rules may be made during trial. Fed. R. Evid. 103(a)(1). A request for a decision under the Rules of Evidence may be made before trial (lawyers often call these "motions in limine"). If the issue is definitively resolved before trial, an objection at trial is unnecessary. See Rule 103(a) hanging paragraph; *Wilson v. Williams*, 182 F.3d 562, 565–67 (7th Cir. 1999) (en banc). District judges sometimes require pretrial presentation to avoid sidetracking the trial; pretrial dispositions are common for expert witnesses and disputes about the admissibility of prior convictions. But if the judge does not order the parties to join issue on a given subject before trial, objections based on relevance, hearsay, privileges, settlement negotiations, and the many other subjects of the rules may wait until trial.

Objections *outside* the Rules of Evidence properly may be called "motions to suppress". Cf. *Jones v. United States*, 362 U.S. 257, 264 (1960); *United States v. Barletta*, 644 F.2d 50, 54 (1st Cir. 1981). Nothing in the Rules of Evidence allows a court to reject relevant, inculpatory evidence seized from the defendant's home, heard during a wiretap, based on his confession, or derived from a lineup. In order to have such evidence excluded, a defendant must rely on some norm that is outside the Rules of Evidence. That's the line between motions to suppress, which must be made before trial, and objections, which may be made during trial.

This means that an effort to prevent the witnesses from testifying about their pretrial identifications (or

for that matter to prevent witnesses from directly identifying a person in court) was a "motion to suppress". Accord, *United States v. Gomez-Benabe*, 985 F.2d 607, 612 (1st Cir. 1993). Trial counsel did not (and appellate counsel does not) contend that any provision in the Rules of Evidence requires or allows a district judge to block a witness from identifying a robber. The foundation for Acox's objection—a contention that the photo array was unduly suggestive—would have been the basis for a motion to suppress evidence about which picture the witnesses selected from the array. And a proposal to block in-court testimony representing the "fruits" of earlier events that were, or could have been, the subject of a motion to suppress, must equally be a "motion to suppress" under Rule 12(b)(3)(C). Otherwise that rule could not serve its two principal functions: avoiding the disruption of trial, and ensuring that prosecutors can appeal adverse rulings. We therefore agree with *Obiukwu* and hold that that Rule 12(e) applies.

If the prosecution's use of evidence derived from an illegal seizure or lineup could not have been anticipated, the surprise would supply "good cause" for the purpose of Rule 12(e). But Acox does not contend that his lawyer was startled by the identification evidence or had any other reason to wait until mid-trial to ask for its exclusion. The only "cause" adverted to in this court is the possibility that Acox's trial lawyer furnished ineffective assistance. If so—and deciding whether counsel's services were beneath the constitutional floor requires consideration of what counsel did, as well as what he omitted, see *Williams v. Lemmon*, 557 F.3d 534 (7th Cir.

2009)—then Acox may be entitled to collateral relief. A motion under §2255 is the right way to obtain review of contentions that an attorney's carelessness caused a waiver under Rule 12(e). The record on direct appeal lacks the evidence needed to make such a decision.

AFFIRMED