**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010[*]
Decided October 22, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3195

| | |
|---|---|
| BEATRICE FLEMING, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 C 1801 |
| CHICAGO TRANSIT AUTHORITY, | |
| *Defendant-Appellee.* | Matthew F. Kennelly, *Judge.* |

## O R D E R

Beatrice Fleming was fired from her job as a bus driver for the Chicago Transit Authority. She sued the CTA under Title VII of the Civil Rights Act of 1964, claiming that

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

she was a victim of sexual harassment and retaliation for a previous charge of discrimination. A jury found for the CTA. On appeal Fleming seeks a new trial on the ground that she was denied a representative jury because, she alleges, no African Americans were summoned for the jury pool. We affirm the judgment.

Fleming's claim about the composition of the jury pool is the only argument raised in her brief. As authority she cites the Sixth Amendment, which does require in criminal cases that the jury pool be drawn from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). But the right to a jury trial in civil cases is based in the Seventh Amendment, not the Sixth, and the Supreme Court has not recognized a Constitutional mandate that jury pools in civil cases reflect a fair cross-section of the community. *See, e.g.*, Laura G. Dooley, *National Juries for National Cases: Preserving Citizen Participation in Large-Scale Litigation*, 83 N.Y.U. L. REV. 411, 439-40 (2008); Kristy Lee Bertelsen, *From Specialized Courts to Specialized Juries: Calling for Professional Juries in Complex Civil Litigation*, 3 SUFFOLK J. TRIAL & APP. ADVOC. 1, 29 n.188 (1998); William V. Luneberg & Mark A. Nordenberg, *Specially Qualified Juries and Expert Nonjury Tribunals: Alternatives for Coping with the Complexities of Modern Civil Litigation*, 67 VA. L. REV. 887, 922-23 (1981); *cf. Thiel v. S. Pac. Co.*, 328 U.S. 217, 219-20 (1946) (exercising supervisory power to order retrial of passenger's personal-injury suit against railroad where clerk of district court had systematically excluded wage earners from jury pool, and noting that "trial by jury . . . necessarily contemplates an impartial jury drawn from a cross-section of the community"). Congress has legislatively mandated, however, that federal juries in both civil and criminal cases be "selected at random from a fair cross section of the community in the district or division where the court convenes." Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-74, 1861 (2006). Yet Fleming, who was represented by counsel in the district court, did not object at trial to the composition of the jury pool, so her appellate claim—whether Constitutional or statutory—is not properly before us. *See id.* § 1867(c), (e); *Morro v. City of Birmingham*, 117 F.3d 508, 518-19 (11th Cir. 1997) (explaining that § 1867(c) precludes statutory challenge to jury pool if not made before voir dire or within seven days after defect should have been known); *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 209 (5th Cir. 1992) (same); *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010) ("A court of appeals is limited to the record built in the district court, so arguments that depend on extra-record information have no prospect of success.").

AFFIRMED.