NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted January 25, 2012
Decided February 29, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-1490

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 01-09CR00136-001 |
| ALBERTO SANTANA-CABRERA, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

Alberto Santana-Cabrera appeals from his conviction and 75-year sentence for drug and firearms offenses connected with his sale of methamphetamine. His appointed counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Santana-Cabrera opposes his counsel's motion. *See* CIR. R. 51(b). Because we conclude that the appeal is frivolous, we grant the motion to withdraw and dismiss the appeal.

Santana-Cabrera was arrested in Indianapolis in August 2009 as he and his co-conspirator, Abel Flores-Lopez, attempted to sell a pound of methamphetamine to a paid police informant. In the weeks preceding their arrests, the police informant had cultivated a relationship with Santana-Cabrera and had purchased two handguns and smaller amounts of methamphetamine from him while wearing a wire. The informant eventually requested a pound, and this time Santana-Cabrera's supplier, Flores-Lopez, delivered the drugs himself. The two men were arrested outside the garage where the drug sale occurred. Local police officers and members of the federal Drug Enforcement Agency seized the drugs and a firearm at the scene.

Santana-Cabrera was charged with eight counts: three counts of distribution of methamphetamine (21 U.S.C. § 841(a)(1)); three counts of carrying a firearm during a drug-trafficking offense (21 U.S.C. § 924(c)(1); one count of possession with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 841(a)(1)); and one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 841(a)(1) and § 846). He went to trial on the conspiracy count, the drug possession count, and one firearm count; he pleaded guilty to the five remaining counts.

At trial Santana-Cabrera testified that Flores-Lopez was not his drug supplier and that he and Flores-Lopez were hardly acquainted. Santana -Cabrera admitted, though, to his own role in the drug operation. The government introduced three months of cellphone records that showed extensive communication between Santana-Cabrera, Flores-Lopez, and other co-conspirators. The jury convicted Santana-Cabrera of all charges. The judge sentenced him to 75 years' imprisonment and 10 years' supervised release, which was the statutory minimum.

Counsel first addresses whether a nonfrivolous challenge could be made to Santana-Cabrera's sentence and concludes that any challenge would be frivolous. We agree. Santana-Cabrera's 75-year sentence of imprisonment (for the three counts on which he was tried combined with the five for which he pleaded guilty) was the minimum allowed by statute: Counts I and VII , charging a conspiracy to distribute 50 grams or more of methamphetamine and possession of those drugs with intent to distribute, each carried a minimum sentence of 20 years' imprisonment and 10 years' supervised release because Santana-Cabrera had previously been convicted of another felony drug crime. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 851. The court sentenced Santana-Cabrera to serve these terms concurrently. Count IV, possession of a firearm in connection with a drug-trafficking crime, carried a minimum sentence of five years' imprisonment, *see* 18 U.S.C. § 924(c)(1)(A)(i), which must be served consecutively to any other sentence, *see id*. § 924 (c)(1)(D)(ii). Counts VI and VIII also charged possession of a firearm in connection with drug-trafficking

crimes on different dates, but because these charges were in addition to Count IV each carried a 25-year minimum sentence that must be consecutive to any other sentence. *See* 18 U.S.C. § 924(c)(1)(C)(i). Hence a minimum total sentence of 75 years' imprisonment.

Counsel also addresses whether it would be appropriate for Santana-Cabrera to argue on appeal that his trial attorney was ineffective. Ineffectiveness claims are normally best reserved for collateral attack, in order to allow for further development of the record. *See Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). The trial record discloses some events that could justify exploring an ineffective-assistance claim on collateral review: Trial counsel allowed Santana-Cabrera to plead guilty to five counts without securing any benefit in exchange for the plea, allowed him to testify at trial on behalf of his co-defendant while simultaneously admitting his own guilt on his remaining three counts, called no witnesses, made no objections, and thus put on essentially no defense at trial. Because of the statutory minimums, this strategy guaranteed Santana-Cabrera a 75-year sentence. In addition, his trial counsel previously had represented his co-defendant, Flores-Lopez, in an earlier bankruptcy proceeding, and counsel allowed Santana-Cabrera to waive any conflict of interest at a hearing held pursuant to Federal Rule of Criminal Procedure 44. Trial counsel's strategic reasons for these decisions and the potential benefits to Santana-Cabrera from them are not apparent from the record. Further factual development is required for Santana-Cabrera to present any claim of ineffective assistance of counsel.

In his response to counsel's *Anders* motion Santana-Cabrera also argues that his trial attorney was ineffective but suggests no reason for thinking this challenge best brought on direct appeal with a limited record. We thus agree with counsel that an ineffectiveness claim should be reserved for collateral review.

Counsel asks whether Santana-Cabrera could make a nonfrivolous argument that his plea colloquy on the five counts for which he did not go to trial was inadequate. Santana-Cabrera states that he wants to withdraw his guilty pleas, and he moved for withdrawal in the district court, so counsel is right to explore this potential argument. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Counsel concludes that a challenge based on the plea colloquy would be frivolous because the judge complied with all the requirements of Federal Rule of Criminal Procedure 11. We agree. The judge explained at length the rights that Santana-Cabrera would waive by pleading guilty and informed him of the possible penalties. Santana-Cabrera answered all the questions he was asked and assured the court (through an interpreter) that he understood everything and that he was pleading guilty voluntarily—not as the result of any threat.

In reviewing the plea colloquy we have considered whether a statement by Santana-Cabrera at the end of it could present a non-frivolous challenge to the district court's decision to accept a guilty plea.

| | |
|---|---|
| Prosecutor: | Your honor, I think you have done an excellent job advising Mr. Santana-Cabrera of his rights and accepting his guilty plea and the consequences. It is highly unusual for a defendant to plead guilty without any type of plea agreement. But I just wanted the record to be clear that the minimum sentence — the minimum sentence he could get [on the pleaded counts] would be 30 years. That is the least amount of time he could get, and his pleas to those things have been accepted. . . . |
| Court: | Mr. Santana-Cabrera, you heard Mr. Minkler [the prosecutor]. Is there anything that you were not aware of? |
| Santana-Cabrera: | [Through an interpreter] No. |
| Court: | All right. Anything further from the defendant, Mr. Murphy? |
| Defense: | Your honor . . . to somewhat respond to Mr. Minkler and to perhaps provide some context to today's hearing as well as the upcoming trial next week, I would like to ask Mr. Cabrera a question or two which may just provide some information to the court. You mentioned earlier, Mr. Cabrera, that you had sustained a head injury in the jail. Can you explain to the judge how that happened and what it is that you believe or why it is that you believe that that happened to you? |
| Santana-Cabrera: | [Through an interpreter] I was beaten, because in the affidavit, it stated that I had said that Mr. Abel-Flores was my boss. |
| Court: | Okay. |

It would be frivolous to argue that, based on the above exchange, the judge abused his discretion in accepting the plea. *See United States v. Redmond*, Nos. 10-1947, 10-3914, slip op. at 9-10, (7th Cir. Jan. 12, 2012). Santa-Cabrera suggests that he was beaten because he

had implicated Flores-Lopez; he does not say he was beaten into implicating *himself*. Although the judge could have asked some follow-up questions to see whether the jail beating influenced Santana-Cabrera's decision to plead guilty, Santana-Cabrera had already sworn to the judge that his plea was voluntary. Only further record development could establish that his plea was coerced. *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010) ("A court of appeals is limited to the record built in the district court, so arguments that depend on extra-record information have no prospect of success.")

Finally, Santana-Cabrera argues in response to counsel's *Anders* brief that he should have received a lower sentence in return for work he did as a confidential informant following his arrest. Upon motion of the government, 18 U.S.C. § 3553(e) authorizes the sentencing judge to impose a sentence below the statutory minimum, in order to reward a defendant's substantial assistance to the government. The government is not required to file the motion, and in this case it did not, presumably because Santana-Cabrera stopped assisting before trial. He did not argue in the district court that the government had an unconstitutional or irrational motive for withholding the motion, and so this court would review for plain error the district court's decision not to lower his sentence. *See United States v. Billings*, 546 F.3d 472, 475 (7th Cir. 2008). There is no plain error because Santana-Cabrera has not made a "substantial threshold showing" that the government had a bad motive for withholding the motion. *See id.*

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.