**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 8, 2017
Decided August 22, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-3460

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:14-cr-30142-MJR-1 |
| JOSEPH E. SUGGS, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

## O R D E R

Joseph Suggs was convicted after a jury trial of producing and attempting to produce child pornography in violation of 18 U.S.C. § 2251(a). The district court sentenced Suggs to 240 months' imprisonment and 10 years' supervised release. On appeal Suggs argues that the district court erred by denying him leave to file a motion to suppress nearly a year after the filing deadline. The district court reasonably exercised its discretion not to review the untimely motion, so we affirm.

Two police officers for the City of Belleville, Illinois, responded to a citizen's complaint in June 2014 that kids were "messing around in an abandoned house." The officers drove to a city park near the house, where they saw Suggs and two boys, M.W.

and T.G., standing by a parked car. An officer asked Suggs what he was doing, and Suggs replied that he was taking pictures of kids in different settings for his photography business. The officer received Suggs's permission to review the photos on his camera and discovered several pictures in which M.W. and T.G., then age 16 and 13, "had their pants pulled down their legs, boxer shorts still on" and a photo in which the boys "were standing sideways where you could see like the bulge."

The officers drove the boys home and invited their parents to sign complaints alleging disorderly conduct, but the parents declined. So the officers called their supervisor, who advised them to arrest Suggs for disorderly conduct on the basis of taking photos of the children. At the police station, an officer patted down Suggs and found in his pocket another memory card for a camera.

A forensic analysis of the camera, its memory card, and the additional memory card revealed a deleted folder of photos of M.W. taken earlier that day at a different park in Belleville. One photo showed M.W.'s exposed genitals. State authorities executed a search warrant at Suggs's residence, and a few weeks later, Suggs was charged in federal court with one count of producing child pornography in violation of § 2251(a).

The criminal case dragged on for two years after that, beset by continuances, failed plea negotiations, and changes in defense counsel. At the outset the district court appointed a public defender to represent Suggs and ordered counsel to file any motions to dismiss the indictment or to suppress evidence by August 21, 2014. After the deadline had passed, Suggs filed three pro se motions seeking to suppress evidence, quash the search warrant, and dismiss the indictment. The district court struck those filings from the record and told Suggs he must file motions through his attorney. A month later Suggs moved for substitute counsel on the ground that his present lawyer was not informing him of developments or filing motions on his behalf. At a hearing on this pro se motion, Suggs elaborated that his lawyer had not filed motions that Suggs thought were meritorious, including a motion asserting that the police had violated the Fourth Amendment by seizing items at his house that were not described in the search warrant. Suggs's attorney (an assistant federal public defender) told the court he had not filed the requested motions because they were meritless. The attorney's supervisor added that he had advised his subordinate not to file a motion to suppress because it would be frivolous. The court explained to Suggs that he had a right to plead guilty, to testify at trial, and to speak at his sentencing, but his attorney determined all other tactics. The district court concluded that Suggs was a "high maintenance client," whose attorney was not ineffective, so the court denied the motion for substitute counsel.

A few months later, though, the district court found good cause to grant the *attorney*'s motion to withdraw because Suggs had lodged a formal complaint against him with the Office of Chief Disciplinary Counsel, and so the court appointed a new attorney in February 2015. That lawyer received multiple continuances before seeking leave in July 2015 to file a suppression motion that, he said, would "be meritorious and in the interests of justice." The government opposed that motion on the ground that counsel had not shown good cause for filing an untimely motion to suppress. Counsel had waited five months, the government observed, before requesting permission to file the untimely motion. The government also asserted that the tendered motion to suppress was meritless.

The district court denied leave to file the untimely motion and struck the tendered motion to suppress from the record. The court already had adjusted its schedule to accommodate "four atypical and lengthy continuances," it said, and the deadline to seek suppression had elapsed eleven months prior. Rule 12(c)(1) of the Federal Rules of Criminal Procedure authorizes setting deadlines for pretrial motions, and although Rule 12(c)(3) allows for untimely motions on a showing of good cause, the court reasoned that Suggs had not demonstrated good cause for the delay. By that time, the court said, new counsel had access to discovery materials for five months, yet he never moved to reopen the expired motion deadline. And nothing in the record suggests, the court continued, that the basis for the motion was previously unknown or that the need for such a motion came as a surprise. Finally, the district court denied any motion to continue, pointing out that the case was not unusual or complex, the public had a right to a speedy trial, and further delay would inconvenience the witnesses and burden the court.

Even so, the trial was delayed further. Suggs requested a competence evaluation, and then in January 2016 the government filed a superseding indictment adding another count of production of child pornography and a count for attempted production. Suggs repeatedly asked for yet another attorney. In refusing to replace counsel, though, the district court opined that Suggs was engaging in conduct to delay his trial and interrupt the administration of justice, and after seven continuances, the court would not postpone the trial again.

During the short trial, both M.W. and T.G., as well as the arresting officers, testified. The photographs, camera, and memory cards also were admitted into evidence. After the jury returned a guilty verdict on each count, the district court calculated the Guidelines sentence as life imprisonment (though technically capped by statute at a total of 90 years). The judge observed that the case was unusual for its lack of

evidence that the photos sexually gratified Suggs or that he possessed other child pornography. After reviewing the factors enumerated in 18 U.S.C. § 3553(a), the court imposed 20 years' imprisonment on each count to run concurrently and 10 years' supervised release on each count.

On appeal Suggs argues that the district court erred in refusing to accept and rule on his untimely motion to suppress. The motion was not frivolous, Suggs contends, and the district court should have recognized his failed attempts to file it and granted him another continuance to develop the issue.

The government points out that Rule 12(c)(3) required the district court to accept and evaluate an untimely pretrial motion only if Suggs had shown "good cause" for the delay. The government argues that, given that Suggs's public defender and the lawyer's supervisor each asserted that a motion to suppress would be frivolous, and that Suggs's second appointed attorney offered no justification for his delay in filing the motion, the district court reasonably decided that Suggs had not shown good cause for the late submission.

A motion to suppress must be filed within the deadline set by the district court, but the court may accept a late motion if the defendant shows good cause for the untimely submission. FED. R. CRIM. P. 12(b)(3)(C), (c)(1), (c)(3); *United States v. Adame*, 827 F.3d 637, 647 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 407 (2016); *United States v. Daniels*, 803 F.3d 335, 352 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 2410 (2016); *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010). A defendant must satisfy the antecedent good-cause requirement before this court may review the suppression motion. *United States v. McMillian*, 786 F.3d 630, 635–36 (7th Cir. 2015).

The district court properly exercised discretion in refusing to accept the untimely submission. *See id.*, 786 F.3d at 636 n.4 (reviewing good-cause determination for abuse of discretion). The court reasonably refused to grant another continuance to consider the motion, given that it already had granted four continuances, adding up to 11 months of delay attributable to Suggs. *See United States v. Winbush*, 580 F.3d 503, 507–08 (7th Cir. 2009) (reviewing issues of trial management for whether judge acted unreasonably). Judicial efficiency and fairness to the government and victims were at stake by entertaining the belated motion, as the district court reasoned. *See United States v. Salahuddin*, 509 F.3d 858, 862–63 (7th Cir. 2007) (concluding that judge should have accepted late motion to suppress because "neither the speed and efficiency of the judicial process nor fairness to the Government appears to be at stake"). Although trial was delayed further after the district court's decision to deny leave to file, Suggs did not ask

the district court to reconsider that ruling when the government filed a superseding indictment or after his competence evaluation.

Plus, counsel for Suggs did not try to justify the delay, instead merely asserting that he believed "the motion to be meritorious and in the interests of justice." By that time the lawyer, even though relatively new to the case, had been representing Suggs for five months and yet never asked the court to reopen the deadline for pretrial motions. *See United States v. Garcia,* 528 F.3d 481, 485 (7th Cir. 2008) (concluding that good cause didn't exist where newly appointed counsel never requested extension and filed motion to suppress four months after appointment); *United States v. Kirkland*, 567 F.3d 316, 322 (7th Cir. 2009) (upholding district court's refusal to consider ground for suppressing evidence that defendant first raised a month after deadline without explaining delay). The merits of the underlying motion to suppress do not explain the failure to timely file. *Cf. Daniels*, 803 F.3d at 351–52 (explaining that change in law did not constitute good cause for failure to bring timely motion to suppress because defendants could have made argument as one of first impression).

Because trial counsel did not establish good cause and thus the motion was not allowed, we need not consider the asserted ground for suppression, not even for plain error. *See Acox*, 595 F.3d at 731 ("Before a court of appeals can reach the plain-error question, a defendant must first establish good cause for the absence of a pretrial motion."); *see also Daniels*, 803 F.3d at 351–52; *McMillian,* 786 F.3d at 635–36.

Appellate counsel hints that trial counsel's representation was ineffective. But the record is not developed sufficiently for this court to determine whether the federal public defender was deficient for never moving to suppress or if his second lawyer was deficient for not moving sooner. Any argument that Suggs received ineffective assistance from trial counsel is better preserved for collateral review after further factual and legal development. *See Acox*, 595 F.3d at 732 ("Entertaining and rejecting an ineffective-assistance argument would make it impossible to present the contention later under 28 U.S.C. § 2255.").

Because Suggs has not demonstrated that the district court abused its discretion in finding no good cause for the untimeliness of his motion to suppress, we AFFIRM his convictions and sentence.