NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided February 24, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2607

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cr-30042 |
| MARIO LEACHMAN, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Mario Leachman, a federal inmate with significant medical conditions, moved for compassionate release based on his susceptibility to complications from COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied his request, concluding that he

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

had not shown sufficiently compelling reasons to justify release. Because the court did not abuse its discretion in denying the motion, we affirm.

Leachman pleaded guilty in 2018 to one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and was sentenced to 7 years' imprisonment and 6 years' supervised release.

Two years later, Leachman moved for compassionate release under § 3582(c)(1)(A), asserting that his medical conditions—hypertension, anemia, prediabetes, recurrent asthma and morbid obesity—increased his risk of severe complications if he contracted COVID-19. He further argued that his current facility—the Medical Center for Federal Prisoners in Springfield, Missouri—had been slow in testing, and that, contrary to assertions of the Bureau of Prisons, the spread of the virus within the facility had not been well-contained.

After a two-day video conference hearing, the district court denied Leachman's motion because he failed to demonstrate that there were "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) that warranted release. First, regarding his obesity (257 pounds), the court noted that he had managed to lose weight and was making dietary and lifestyle choices that were improving his health. As for his hypertension, the court noted that his blood pressure has been "moderately elevated" after he discontinued his medication in July 2019, but he since had restarted using it. With regard to his asthma, the court observed that this condition—characterized in his BOP records as "childhood asthma"—had not necessitated any treatment until as late as May 2020, and even then it did not rise to the "moderate to severe" level that the Centers for Disease Control and Prevention had designated as a risk factor for COVID-19. Further, Leachman's facility had only three confirmed cases of COVID-19 as of the date of decision. Lastly, the court alluded to a couple of factors in 18 U.S.C. § 3553(a) that also weighed against release—his extensive criminal history involving controlled substances and guns, and the substantial time he had left to serve on his sentence (another four years).

On appeal, Leachman argues that the court minimized the severity of his medical conditions. He adds that since the district court's proceedings, his weight has gone up (to 280 pounds) and his asthma has worsened. But our review is deferential, *see United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020), and here the district court acted within its discretion in concluding that Leachman had not established extraordinary and compelling reasons to warrant relief. The court acknowledged

Leachman's obesity, asthma, and hypertension, but—based on the records available at the time—reasonably found these conditions to be under control and outweighed by the § 3553(a) sentencing factors, particularly his criminal history (prior convictions for gun and drug-possession) and need to promote respect for the law (given the four years remaining on his sentence). *See, e.g., United States v. Saunders*, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021).

Leachman also asserts that he now is being housed with prisoners showing symptoms of COVID-19. But we are confined to the record built in the district court, so an argument that relies on facts outside the record cannot succeed. *See United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010).

AFFIRMED