NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 23, 2021

**_Before_**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2355

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Indiana, South Bend Division. |
| | |
| *v.* | No. 3:15-CR-39 RLM |
| | |
| ISAIAH C. FISHER, | Robert L. Miller, Jr., |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Isaiah Fisher, a federal inmate who had served just five years of his 16-year sentence for bank robbery, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), contending that his health conditions make him susceptible to COVID-19. Accepting that Fisher's health conditions and the risks posed by the pandemic constituted an extraordinary and compelling reason for Fisher's release, the district court nonetheless denied his motion after applying the sentencing factors under 18 U.S.C. § 3553(a). It concluded that Fisher's early release would endanger the public

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

because of his history of committing violent crimes while on supervised release and the substantial portion of his sentence remaining. Because the court did not abuse its discretion in weighing the § 3553(a) factors, we affirm.

Fisher, who is 40 years old and has been serving a 188-month sentence for bank robbery since 2015, *see* 18 U.S.C. § 2113(a), moved for compassionate release in April 2020. He argued that he had two extraordinary and compelling reasons for early release. First, his health conditions—he is prediabetic, a former smoker, and has a low platelet count—place him at heightened risk of serious illness if he contracts COVID-19. Second, his sentence was based on a career-offender designation that the Sentencing Commission has since revised, and if he were sentenced today he would no longer be subject to the career-offender designation. Fisher also urged that the § 3553(a) factors supported his early release—he maintained that he was no longer a danger to the public, as he had completed rehabilitation courses and had maintained a clean disciplinary record during his incarceration.

The district court denied Fisher's motion. It acknowledged that Fisher "laid out a reasonable case that, at least with respect to . . . his physical condition, that the COVID-19 pandemic constitutes a[n] 'extraordinary and compelling reason' for a sentence reduction." Even so, it concluded that the § 3553(a) factors weighed against his early release, which, the court believed, would threaten public safety. The court recognized that Fisher had a record of good behavior during his current stint in prison. But it noted that the same was true of his previous imprisonments—despite consistently staying out of trouble while in prison, Fisher had twice committed robbery while out on supervised release. His recidivism, combined with his having served only about a third of his 16-year sentence, led the court to conclude that continued incarceration was necessary to "protect the public from the violent and dangerous side of Mr. Fisher."

On appeal, Fisher tells us that he "does not believe that the district judge erred." Nonetheless he asks us to "reconsider" his request for release because the district court said that he has an extraordinary and compelling reason for release. And, he repeats, he has completed rehabilitative programming in prison, which he believes means that he will not endanger the public.

Fisher misapprehends our role on appeal. We review the district court's denial of compassionate release only for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). We do not replace our judgment for that of the district court. Because Fisher points to no error in the court's reasoning and asks only that we reweigh

the § 3553(a) factors, his arguments must fail. *See United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019).

Regardless, the district court did not abuse its discretion in denying Fisher's motion. Even if Fisher established an extraordinary and compelling reason for release, a court may grant compassionate release under § 3582(c)(1)(A) only "after considering the factors set forth in section 3553(a)." *Saunders*, 986 F.3d at 1078. Indeed, "[b]ecause of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *Id.* As Fisher acknowledges, the court's analysis of the sentencing factors was reasonable. It emphasized that, despite Fisher's good behavior in prison, he has repeatedly committed violent crimes upon release, even after similar displays of good prison behavior. *See* § 3553(a)(1). And, given the sentencing goals of deterring crime and protecting the public, the court permissibly ruled that it should not excuse Fisher from two-thirds of his sentence for his serious crime. *See* §§ 3553(a)(2)(B), (C); *see also Saunders*, 986 F.3d at 1078 (affirming denial of compassionate release, despite prisoner's extraordinary and compelling reasons, given the district court's assessment that the defendant's offense was serious, and he had served only one-third of his sentence).

Fisher also seeks to introduce on appeal new evidence of additional medical conditions (a recent intestinal infection and high blood pressure), records of his rehabilitative programming, and evidence of low recidivism in people over 40 years old. But we are limited to reviewing the evidence presented in the district court. *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010). And, in any case, the court was aware that Fisher had health issues and had completed rehabilitative programs, but nonetheless reasonably found that Fisher's early release would endanger the public.

Finally, Fisher repeats his argument that, along with his health conditions, changes to the sentencing guidelines affecting career-offender designations, which would result in a lower sentence if he were sentenced today, create an extraordinary and compelling reason for a sentence reduction. *See* U.S.S.G. amend. 798 (Aug. 1, 2016). The guidelines changes, however, were not made retroactive, *see* U.S.S.G. §§ 1B1.10(a)(1), (a)(2)(A), (d), so the district court was not required to grant a sentence reduction on that basis. Further, as we explained above, even if the guidelines changes did constitute a compelling circumstance, it would not help Fisher, as the court reasoned that his release was not warranted under § 3553(a).

AFFIRMED