NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided June 17, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3223

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cr-112-jdp |
| ROLAND SCOTT, JR., <br> *Defendant-Appellant*. | James D. Peterson, <br> *Chief Judge*. |

**O R D E R**

Roland Scott, a federal inmate at FCI Terre Haute in Indiana, asserted that his medical conditions justified compassionate release from prison in light of the COVID-19 pandemic. The district court denied his motion on both procedural grounds and the merits. Procedurally, Scott failed to show that he had exhausted his administrative

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

remedies. On the merits, Scott not only failed to introduce evidence to support that his health conditions presented an extraordinary and compelling reason for release, but he also remained a danger to the public. Regardless of whether Scott satisfied the exhaustion requirement, the district court did not abuse its discretion in denying Scott's motion on the merits, so we affirm.

Scott is serving an eight-year prison sentence. In 2018, Scott pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), after he fired a handgun at a group of men a dozen times. At his sentencing in January 2019, the district court found that the circumstances of his offense (his responsibility for the dangerous confrontation) and his violent criminal history (including several domestic violence incidents) warranted an above-guidelines sentence of 96 months' imprisonment, based on the factors in 18 U.S.C. § 3553(a). Scott is scheduled for release in May 2025.

In 2020, after serving about a quarter of his sentence, Scott moved for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that his health conditions—including asthma, diabetes, high blood pressure, and "cannabis use disorder"—increased his risk of severe complications from COVID-19, and thus, were an extraordinary and compelling reason for release. But Scott did not provide any medical records showing the severity of his conditions or any evidence demonstrating that his conditions heightened his risk of serious COVID-19 illness if he were infected with the virus. He did, however, attach to his motion a letter requesting compassionate release that he apparently wrote to the warden a month earlier. He also attached a sworn statement attesting that he had exhausted his administrative remedies before filing his motion. In a separate exhibit, Scott alleged he was having problems accessing proper medical care, religious services, and legal assistance at his prison. In addition to this motion and after the Wisconsin Federal Defender's Office declined to represent him, Scott filed a motion for recruitment of counsel, citing the complex issues involved in his case and his limited understanding of the law.

The government opposed Scott's motion for compassionate release. It argued that Scott failed to show that he had exhausted his administrative remedies, Scott provided insufficient documentation about his medical conditions, Scott's release would endanger the community, and FCI Terre Haute was not experiencing a severe COVID-19 outbreak at the time of Scott's motion.

The district court denied the motion, explaining:

> Defendant asks for compassionate release due to the risk of coronavirus, general conditions at his institution, and his rehabilitation. Dkt. 61. As the government explained in its opposition, Dkt. 63, defendant does not show that he has exhausted the available administrative remedies as required under 18 U.S.C. § 3582(c). But even if I were to waive the exhaustion requirement, defendant has not demonstrated extraordinary and compelling reasons for immediate release. Defendant has asthma and diabetes, but he has not shown that these conditions are severe, or that he is not receiving treatment for them. I recognize that every institution poses a risk of COVID-19 infection, and that FCI Terre Haute has had a significant number of infections among inmates. But based on current information, FCI Terre Haute now has only a few active cases. I am pleased with defendant's commitment to reforming himself. But as explained at defendant's sentencing, his offense conduct and history of violence demonstrate that he poses a risk to the public and he is not a candidate for compassionate release at this point in his sentence.

The district court also denied Scott's motion for recruitment of counsel, reasoning that the legal issues in Scott's case were not complex, and in any event, Scott had sufficiently articulated his arguments.

On appeal, Scott challenges the district court's denial of his motions for compassionate release and recruitment of counsel. With respect to the motion for compassionate release, Scott argues that he exhausted his administrative remedies because he submitted a letter requesting compassionate release to the warden and the requisite 30-day period elapsed without a response before he filed his motion in the district court. *See* § 3582(c)(1)(A). The government responds that Scott's sworn statement attesting that he exhausted his administrative remedies was deficient because it failed to note the date he submitted the initial letter to the warden, and regardless, the district court denied Scott's motion on the merits, so any error regarding exhaustion was harmless.

We review the district court's denial of Scott's motion for compassionate release for abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). We agree with the government that it makes no difference whether, as a procedural matter, Scott exhausted his administrative remedies (and therefore a remand for fact-finding on exhaustion is unnecessary) because the district court did not abuse its discretion in denying Scott's motion on the merits. In considering the merits, the district

court acknowledged Scott's asthma and diabetes and reasonably concluded that the conditions did not warrant compassionate release. First, it was Scott who bore the burden of proving extraordinary and compelling reasons for release, *see United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021), but he failed to meet his burden by not furnishing any medical records about the severity of his health conditions or any materials showing that the conditions increased his risk of serious COVID-19 illness. For the first time on appeal Scott cites guidance from the Centers for Disease Control and Prevention discussing the increased risk COVID-19 poses for those with certain medical conditions. It is well established however that we cannot consider evidence not presented in the district court, *see, e.g.*, *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010), and in any case, we are unable to determine the relevance of the guidance without any information about the severity of Scott's medical conditions.

Second, even if Scott did establish that his health conditions were extraordinary and compelling, the district court was not required to grant compassionate release if the § 3553(a) factors weighed against it. A court may authorize compassionate release only if, "after considering the factors set forth in section 3553(a)," it decides that extraordinary and compelling reasons justify release. *Saunders*, 986 F.3d at 1078 (quoting § 3582(c)(1)(A)). Here, the district court adopted the reasoning of its § 3553(a) analysis at Scott's original sentencing—that Scott was a danger to the public because he fired a handgun into a crowd and had a history of domestic violence, *see* § 3553(a)(1), (a)(2)(C)—in determining that Scott's circumstances did not warrant release. Given that Scott's sentencing occurred less than two years before Scott moved for compassionate release, it was permissible for the district court to reincorporate its earlier § 3553(a) analysis and deny Scott's motion based on the same reasoning.

Scott next argues that the district court's denial of his motion for recruitment of counsel violated his due process rights. Because movants seeking a sentence reduction under § 3582(c) have no constitutional right to counsel, *see United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021), we review the district court's denial only for abuse of discretion, *see Mejia v. Pfister*, 988 F.3d 415, 418 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007)). We see none here. The district court reasonably concluded that Scott's motion for compassionate release did not raise complex legal issues and that Scott appeared competent to represent himself based on his filings. The district court did not abuse its discretion in declining to recruit counsel for Scott.

Finally, Scott repeats without elaboration his argument that various conditions at his prison have violated his constitutional rights. Scott has waived this argument by

failing to develop it on appeal. *See United States v. Bryant*, 750 F.3d 642, 651 (7th Cir. 2014). In any case, to the extent Scott seeks damages or injunctive relief based on his prison conditions, his argument does not belong in a motion for compassionate release.

AFFIRMED