# IN THE SUPREME COURT OF IOWA

No. 21–0900

Submitted November 16, 2022—Filed December 9, 2022

**MICHAEL SAVALA,**

Appellant,

vs.

**STATE OF IOWA, IOWA DEPARTMENT OF CORRECTIONS,** and **JERRY BARTRUFF,** Individually and in His Official Capacity,

Appellees.

---

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Plaintiff in civil suit challenges the composition of the jury venire.

**AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Gary Dickey (argued) of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Samuel P. Langholz (argued) and Ryan Sheahan, Assistant Attorneys General, for appellees.

**McDONALD, Justice.**

Michael Savala sued the State of Iowa, the Iowa Department of Corrections, and the director of the Iowa Department of Corrections, Jerry Bartruff, for employment discrimination. Savala alleged the defendants discriminated against him on the basis of his age, race, color, and national origin, all in violation of the Iowa Civil Rights Act. On the morning of trial, Savala objected to the composition of the jury venire. He claimed the jury venire did not represent a fair cross section of the community "based on an underrepresentation of Latinos in the jury population." Savala requested two years of data to help him support his challenge to the venire. The district court denied the challenge and the request, holding the fair-cross-section requirement does not apply to civil jury trials. The case proceeded to trial, and the jury found Savala failed to prove any of his claims. In this appeal, Savala contends the Fifth and Seventh Amendments to the United States Constitution require that civil juries, like criminal juries, be drawn from a fair cross section of the community. Our review is de novo. *See State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).

With respect to criminal cases, the Supreme Court's fair-cross-section jurisprudence arises under the Sixth Amendment to the United States Constitution and is applied to state governments through the Fourteenth Amendment. In the leading case on the topic, *Taylor v. Louisiana*, the Court held systematic exclusion of women during the jury selection process denied a criminal defendant his right to a petit jury selected from a fair cross section of the community. 419 U.S. 522, 533 (1975). The Court has never applied its

constitutional fair-cross-section jurisprudence outside the context of criminal prosecutions. *See Berghuis v. Smith*, 559 U.S. 314, 319 (2010) ("The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community."); *Duren v. Missouri*, 439 U.S. 357, 369 (1979) (discussing "the quality of community judgment represented by the jury in criminal trials"). Nor could it. By its own terms, the Sixth Amendment is applicable only in "criminal prosecutions." *See McCall v. Shields Assocs., Inc.*, 617 F. Supp. 244, 246 (D.D.C. 1985) ("By its terms, the Sixth Amendment has no relevance to civil proceedings but instead serves to 'guarantee[] an impartial jury trial in *criminal* prosecutions.'" (alteration in original) (quoting *Taylor*, 419 U.S. at 526)).

Recognizing the Sixth Amendment applies only to criminal prosecutions, Savala contends the Fifth and Seventh Amendments create a parallel right in civil cases. In support of his argument, Savala relies on *Thiel v. Southern Pac. Co.*, 328 U.S. 217 (1946). In *Thiel*, the Court held a civil plaintiff was entitled to a new trial where "the clerk of the court and the jury commissioner testified that they deliberately and intentionally excluded from the jury lists all persons who work for a daily wage." 328 U.S. at 221. The court reasoned, "The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community." *Id.* at 220. However, the Court's holding rested on its supervisory power over federal district courts. *See id.* at 225 (reversing "the judgment below in the exercise of our power of supervision over the

administration of justice in the federal courts"). In his dissent, Justice Frankfurter reiterated, "No constitutional issue [was] at stake. The problem [was] one of judicial administration." *Id.* at 227 (Frankfurter, J., dissenting). *Thiel* is thus not controlling on the Fifth and Seventh Amendment claims presented in this case.

On the Fifth and Seventh Amendment claims presented here, the Supreme Court has never interpreted either provision to require that jury pools in civil cases reflect a fair cross section of the community. *See Fleming v. Chi. Transit Auth.*, 397 F. App'x 249, 249 (7th Cir. 2010) ("But the right to a jury trial in civil cases is based in the Seventh Amendment, not the Sixth, and the Supreme Court has not recognized a Constitutional mandate that jury pools in civil cases reflect a fair cross-section of the community."); *McIntosh v. Lindsey*, No. 16–cv–927–DWD, 2021 WL 2292598, at *2 (S.D. Ill. Mar. 30, 2021) (" '[T]he right to an impartial jury does not carry with it the right to a jury of a particular racial composition.' Presumably this extends to the jury pool as a whole." (alteration in original) (quoting *Sargent v. Idle*, 212 F. App'x 569, 573 (7th Cir. 2006))); *McCall*, 617 F. Supp. At 246 (stating neither the "Seventh Amendment [n]or Due Process Clause provide a civil defendant with a right to a jury drawn from a fair cross-section of the community that is identical to that of a criminal defendant"). We decline Savala's request to chart new federal constitutional waters by recognizing such a right; that endeavor is best left to the Supreme Court.

In addition to not being recognized by the Supreme Court, Savala's federal constitutional claims fail for an additional reason: Savala presents only claims arising under the Fifth and Seventh Amendments. The Fifth and Seventh Amendments only apply directly to actions of the federal government and not to actions of the state governments. *See Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) ("When ratified in 1791, the Bill of Rights applied only to the Federal Government."); *Barron v. Mayor of Baltimore*, 32 U.S. 243, 247 (1833). These federal constitutional provisions would be applicable to the state governments only if incorporated into and applied under the Due Process Clause of the Fourteenth Amendment. *See Timbs*, 139 S. Ct. at 687 ("With only 'a handful' of exceptions, th[e Supreme] Court has held that the Fourteenth Amendment's Due Process Clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States." (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 765 (2010))).

Savala does not assert any claim under the Fourteenth Amendment. In addition, even if he had, the federal right to a jury trial in cases at common law is one of the few rights *not* fully incorporated into the Fourteenth Amendment. *See McDonald*, 561 U.S. at 765 n.13 (noting the Seventh Amendment is one of the few rights not fully incorporated into the Fourteenth Amendment); *Walker v. Sauvinet*, 92 U.S. 90, 92 (1875) ("The States, so far as [the Seventh] amendment is concerned, are left to regulate trials in their own courts in their own way."). Savala's federal claims thus fail for this additional reason.

**AFFIRMED.**